# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 6:06-cr-197-Orl-28DCI

SHAWNTAVIS GREEN

---

## ORDER

Defendant Shawntavis Green is currently serving a 46-month prison sentence for violating the terms of his supervised release. The Court has reviewed Green's pro se Motion for Retroactive Resentencing pursuant to the First Step Act of 2018 (Doc. 113) and his counseled Motion to Reduce Sentence pursuant to the First Step Act of 2018 (Doc. 123). Additionally, the Court has reviewed and considered the 18 U.S.C. § 3553(a) factors, the Probation Office's First Step Act of 2018 Memorandum (Doc. 117)—which includes the Presentence Investigation Report—the Government's Response (Doc. 128), the specifics of Green's supervised release violations, and pertinent law. For the reasons set forth below, Green's motions are denied.

### I.    Background

In 2006, Green pleaded guilty to a class A felony violation of 21 U.S.C. § 841(b)(1)(A)(iii), which relates to possession and distribution of crack cocaine. (Doc. 123 at 1; Doc. 128 at 2). Green was sentenced to 140 months in prison with 60 months of supervised release to follow. (Doc. 123 at 1). Pursuant to U.S.S.G. Amendment 706, Green's sentence was reduced to 120 months in 2008. (Id.) In 2014, Green was released from prison and his term of supervised release began. (Id. at 2). After Green committed several violations of supervised release—including engaging in domestic violence and

testing positive for methamphetamine—his supervised release was revoked in 2018 and he was sentenced to 46 months' imprisonment with no supervised release to follow. (Id. at 12). Green then filed the motions at issue.

## II.    Analysis

In relevant part, the Fair Sentencing Act of 2010 increased the amount of cocaine base required for an offense to qualify as a class A felony under § 841(b)(1)(A)(iii). See United States v. Johnson, 702 F. App'x 815, 817 (11th Cir. 2017) (citing Fair Sentencing Act of 2010, PL 111-220, Aug. 3, 2010). The First Step Act of 2018 made this section of the Fair Sentencing Act of 2010 retroactive, "permit[ting] courts to 'impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'" United States v. Plumley, No. 5:05-cr-00224-01, 2019 U.S. Dist. LEXIS 101361, at *1–2 (S.D. W. Va. June 18, 2019) (quoting First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat. 5194). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act of 2018 § 404(a).

Green's original offense—a violation of § 841(b)(1)(A)(iii)—clearly falls within the scope of the First Step Act. Thus, his initial prison sentence would be eligible for reduction consideration if Green had not already completed that term of imprisonment. However, it is not clear whether the First Step Act's "covered offense" language was intended to allow for a reduction of a post-revocation sentence, and district courts are divided on the

question.[1] But it is not necessary for this Court to weigh in on the "covered offense" issue. The application of the First Step Act is discretionary, and even assuming it does apply, this Court declines to exercise its discretion to reduce Green's sentence imposed for violation of supervised release.

The First Step Act does not "require a court to reduce any sentence." First Step Act § 404(c). As the Government points out in its Response (Doc. 128) and as the Court reasoned at Green's sentencing (Tr., Doc.103), Green's post-conviction conduct demonstrates a disrespect for the trust this Court put in him and raises serious concerns regarding recidivism and the safety of those around him. See United States v. Hoover, No. 3:08-cr-00123, Doc. 314 at 5 (D. Alaska May 21, 2019) ("[T]he revocation sentence was imposed on the primary basis of his 'breach of trust,' and, in light of the record, the Court declines to reduce [the defendant's] post-revocation sentence."); see also Plumley, 2019 U.S. Dist. LEXIS 101361, at *4 ("The revocation sentence was imposed not because of

---

[1] Compare United States v. Pettiford, No. 5:08-cr-220, Doc. 60 at 4 (N.D.N.Y. Apr. 10, 2019) ("It is not clear whether Congress intended a reduction of a defendant's post-revocation sentence under these circumstances when it enacted the First Step Act of 2018. However, in light of the parties' submissions and the Government's withdrawal of its opposition to this argument, such an application will be made in this matter."), United States v. Wooters, No. 09-cr-40013, 2019 U.S. Dist. LEXIS 71844, at *9 n.3 (S.D. Ill. Apr. 29, 2019) ("Neither party has squarely addressed whether or how the First Step Act applies to revocation sentences. This Court assumes it would apply if retroactive application of § 2 of the Fair Sentencing Act changed a revocation sentencing range."), United States v. Smith, No. 5:05-cr-30044, 2019 U.S. Dist. LEXIS 130825, at *6–7 (W.D. Va. Aug. 5, 2019), Hoover, No.3:08-cr-00123, Doc. 314 (D. Alaska May 21, 2019), with United States v. Coneway, No. CR 302-005-3, 2019 U.S. Dist. LEXIS 149075, at *5 (S.D. Ga. Aug. 29, 2019), United States v. Smith, No. 5:96-033-DCR, 2019 U.S. Dist. LEXIS 85346, at *2 (E.D. Ky. May 21, 2019) ("Smith's current term of imprisonment is not based on his original cocaine conviction but as a result of his violation of supervised release which is not a covered offense."), Plumley, No. 5:05-cr-00224-01, 2019 U.S. Dist. LEXIS 101361, at *3–4 (S.D. W. Va. June 18, 2019).

now-altered statutory and policy views regarding crack cocaine, but because of [the defendant's] repeated violations of the terms of supervised release."). As such, this Court declines to reduce Green's revocation sentence.

Additionally, Green's pro se requests for plenary resentencing and a hearing are denied. "Nowhere does the [First Step Act] expressly permit the type of plenary resentencing or sentencing anew that [the defendant] advocates. And because First Step Act sentence modifications fall under 18 U.S.C. § 3582(c), [the defendant's] presence is not required." United States v. Davis, No. 07-CR-245S, 2019 U.S. Dist. LEXIS 36348, at *4–5 (W.D.N.Y. Mar. 6, 2019) (citing Fed. R. Crim. P. 43(b)(4)); United States v. Delaney, No. 6:08-cr-00012, 2019 U.S. Dist. LEXIS 28792, at *1 (W.D. Va. Feb. 22, 2019); United States v. Fountain, No. 1:09-cr-00013-MR-WCM-9, 2019 U.S. Dist. LEXIS 23911, at *2 (W.D.N.C. Feb. 14, 2019); United States v. Copple, No. 17-cr-40011-JPG-009, 2019 U.S. Dist. LEXIS 20130, at *1 (S.D. Ill. Feb. 7, 2019)).

III.    Conclusion

Accordingly, Green's pro se Motion for Retroactive Resentencing pursuant to the First Step Act of 2018 (Doc. 113) and his counseled Motion to Reduce Sentence pursuant to the First Step Act of 2018 (Doc. 123) are both **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on October 2 ___ , 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Shawntavis Green